Nash, J.
 

 We perceive no error in the opinion of the presiding Judge. The common law gives to every corporation power to make bye-laws for the general benefit of the-corporators, and the Legislature, by the private act incorporating the town of Beaufort,, passed in the year 1825, authorized the Commissioners to make ordinances, for the removal of public nuisances. The ordinances so made must be reasonable and for the general benefit. The Commissioners, then, are clothed with power to make laws to abate-nuisances, within the corporation. They have declared, that the running, at large of hogs in the streets of the-town is a nuisance, and by their ordinance pointed out the mode by which it was tobe abated. Their authority to pass the ordinance, so far as the inhabitants of the town are concerned, has not been directly denied;. nor indeed is it an open question. The very point, upon this, same ordinance, was before this Court in the case of
 
 Hallen
 
 v.
 
 Noe,
 
 3 Ired. 495, and then received a judicial exposition. The only question now submitted to us is, does-this ordinance bind the plaintiff who is not an inhabitant of Beaufort, or his property. It is very certain that the
 
 *272
 
 legislative acts of the commissioners of a town, are, and must be limited to, and can have no effect beyond, the limits of the corporation ; but the proposition is not true, that none are bound by them, but those who, in common parlance, are inhabitants of the town. All who bring themselves within the limits of the corporation are, while there, citizens, so as to be governed by its laws. If this were not so, those town laws or police regulations, so absolutely necessary and useful, would be entirely nugatory. No matter how important and necessary, whether to the health or peace of the town, or to the supply of its inhabitants with their daily provisions, they might be set at defiance, so far as the police of the town was concerned, by any individual, who was not a corporator. A citizen may not be at liberty to fire a loaded gun within the limits of the town, but a man whose yard adjoins those limits may do the same act pin him it is not punishable by the law of the corporation, because he is not a citizen. The law is not so. It is the act, which the commissioners have a right to punish, no matter by whom done. But the principle does not rest alone on reason for its justification; it is sustained by legal authority. In the case of
 
 Pierc
 
 e v.
 
 Bartram,
 
 Cowp. 260, it is expressly recognized. The defendant was sued to recover a penalty inflicted by the ordinance of the city of Exeter upon any one butchering cattle therein. The defendant had so done, and rested his defence upon the fact that he was not a citizen of Exeter, and that the ordinance could apply to none but such. Lord Mansfield declared that the plaintiff having come within the city, was,
 
 pro hac vice,
 
 an inhabitant, and bound by the same regulations as the other members of the corporation. So also the case of
 
 Village of Buffalo
 
 v.
 
 Webster,
 
 10 Wendell 99, recognizes and enforces'the same doctrine. The case of the
 
 Commissioner's of the town of Plymouth
 
 v.
 
 Pettijohn, 4
 
 Dev. 591, fully recognizes the principle of the cases from Cowper and Wendell, and establishes it as the law of this State. The action
 
 *273
 
 was brought to recover from the defendant, who was not an inhabitant of the town of Plymouth, a penalty, incurred, as it was alleged, by the violation of a bye-law of a town, which required owners of cattle to pen them every night, and some of those belonging to the defendant being found at night in the town unpenned, - the penalty was considered as incurred by him'. The Court say, “ when an offence is made to consist of the omission to do an act in the town, he only is within the purview of the law, upon whom, by that or some other law, the act is imposed as a duty to be performed within the town.” They therefore held that the penalty did not attach to the defendant, not simply because he was not a corporator, but because of that fact and the additional one that it was for the omission of an act to be done within the town. The Court say that “ there can be no doubt that one, not a corporator, but who comes within the limits of a town, and there violates a police regulation, sanctioned by a penalty, becomes as liable to pay it, as if he were a member.” But in this case, the plaintiff has done no
 
 act
 
 within the corporation, to bring him within the character of a corporator ; that is true, nor is any penalty, as such, or any forfeiture sought to be enforced against him by the corporation of Beaufort. If, however, he has not, in his own person, violated the ordinance of the town, his property has, and through his means. He has, as every other farmer does, turned out his stock to range upon the unenclosed land around him. His hogs were permitted to stray into the town of Beaufort, in violation of the ordinance. Had the defendants a right to take them up and sell them .as done in this case ? Pettijohn’s case puts things within a local jurisdiction, upon the same footing as persons. “ The cattle of a stranger (say the Court,) straying into a town and there becoming nuisances, or found damage feasant, may be removed by way of abating the nuisance, and may be distrained and impounded, until the owner shall pay the expenses, and such pecuniary
 
 *274
 
 mulct as may have before been imposed.” As
 
 to
 
 the objection, that there is no judicial decision condemning the property to be sold, we think it insufficient, since the owner may, if he chooses, have a full investigation of the case by bringing an action of replevin, as in any other case of distress.
 

 Per Curiam-. Judgment affirmed,