Rtjbtin, C. J.
 

 The Court sees no reason to doubt, that, for the purpose of local police, the charter of a town may constitutionally authorise the inhabitants to tax themselves, or do so through persons chosen by them. It is a convenient and almost a necessary power, and has been almost universally delegated and exercised,and,we believe, never questioned before. We perceive no objection to it. In the argument it was urged as an objection to it in this case, that it could not extend to the defendant, who is a stranger, but is to be confined to the members of the corporation. But the objection does not seem to us to be sound. In the first place, it is to be remarked, that the charter and ordinance are not directed against the defendant as coming from Virginia. They make no distinction between the citizens of this and other States or countries ; as they operate alike on all persons, not before settled in the town, unless they go there to become permanent traders, or were inhabitants of New Hanover and assessed for taxes in that county. Then, it is also not true, that the defendant is to be treated as a stranger, so as not to be bound by the ordinance. For, it is set»
 
 *254
 
 tied, that by coming within the town and acting there, a person becomes liable as an inhabitant and member of the corporation.
 
 Commissioners of Plymouth
 
 v. Petti
 
 john,
 
 4 Dev. 591.
 
 Whitfield
 
 v.
 
 Longest,
 
 6 Ired. 268. It is just that it should be so ; for as the defendant has in the security of his property the benefit of the night watch and of the other police establishments, he ought
 
 to
 
 contribute reasonably towards their
 
 expense; and this
 
 tax allowed by the legislature, or viewed in itself as an annual imposition, cannot be. deemed unreasonable.
 

 But, while the power of self-taxation, may be rightfully conferred on municipal corporations, it is undoubtly true that the power may be restrained and regulated by law, and that commissioners of a town can only exercise it in the manner and within the limits prescribed by the legislature. On this ground we think the defendant was entitled to judgment, as he became a trader in the town in 1846, and there was no tax laid for that year, at least, not lawfully. Each of the statutes given in evidence, enacts, that the commissioners shall
 
 “
 
 annually lay” the taxes mentioned in them. Such are the express terms of the Acts of 1784 and 1806. The reasons for thus restricting the power are sufficiently plain. No more revenue ought to be levied than may be requisite for useful expenditures; and, as the latter may and, probably, will vary from year to year, so ought the former. Besides, the commissioners themselves are chosen annually; and it is natural to expect that the power of taxation by each set of commissioners should be limited by their term of of office, because by that means there is secured to the inhabitants of the town a wholesome check against oppressive taxation and extravagant expenditures. These considerations are not, indeed, necessary to aid in the construction of the two first Acts ; for, as has just been mentioned, both that of ’84 and 1806 are positive, that the taxes shall be
 
 laid
 
 annually. The language of that of
 
 *255
 
 1811, it is true, is not quite so explicit. By it the commissioners “are empowered to lay an additional annual tax, as follows:” and one of those enumerated is that of f 25 on transient shop-keepers. Possibly, if this Act stood by itself, it would admit of an argument, that it did not mean that the tax should be imposed annually, but only that, whenever imposed, not-more than that sum should be levied in and for any one year. But, when construed with the parts of the charter contained in the two preceding acts, and with reference to the considerations of policy before and verted to, we think the just interpretation of the last act clearly is, like the others, that the tax must both be laid annually and be limited to the sum of $25 annually. No reason can be conceived, why the taxes authorized by the act of 1811 on horses, carriages, drays, carts, and transient traders should be permanent, while all others were to be laid from year to year, so as to correspond with the annual exigencies of the town and the varying ability of the people. On the contrary, all the acts, being in
 
 pari materia,
 
 are to be construed together; and they mean that all the town taxes should be laid, as well as collected, year by year.. The ordinance of January 2, 1844, does not purport to extend to the year 1846, and, possibly, was not intended to operate beyond 1844. If, however, it was so intended, then the Commissioners exceeded their power, and for the excess, at all events, the ordinance was void. In either case the defendant did not owe the tax demanded of him; and therefore the judgment must be reversed and a
 
 venire de novo
 
 awarded.
 

 Per Curiam. Judgment reversed and
 
 venire de novo.