MRS. CAROLINE WOOD MILLER v. G. P. SCOTT.

(Filed 20 December, 1922.)

**Wills—Devise—Estates—Remainders—Intent.**

> A devise to testator's wife of all of his personal and real property, to use as she may see proper for the balance of her life, and should there be any at her death, it was the testator's "preference" that it should go to a charitable institution, giving indication, or otherwise some institution his wife would designate: *Held,* the wife acquired only a life estate in the lands included in the devise to her, and could not convey a fee-simple title to a purchaser. *Herring v. Williams,* 158 N. C., 1, cited and approved.

APPEAL by plaintiff from *Long, J.,* at September Term, 1922, of IREDELL.

Civil action, heard on case agreed. The action is to recover the purchase price of a lot situate in said county, which plaintiff, devisee under the will of D. A. Miller, has contracted to sell to defendant at the price of $600. Defendant, admitting the contract, resists payment on the ground that plaintiff could not convey a good title. There was judgment for plaintiff, and defendant excepted and appealed.

*John A. Scott, Jr., for plaintiff.*
*Dorman Thompson for defendant.*

HOKE, J.   The title offered is dependent on the proper construction of the last will and testament of D. A. Miller, deceased, and the terms of the will and the facts considered pertinent are set forth in the case agreed as follows:

"1. That on 11 November, 1913, D. A. Miller of Iredell County, North Carolina, died leaving a last will and testament, which was duly probated and is recorded in the office of the clerk of the Superior Court of Iredell County in Will Book No. 7, page 506, a copy of which will is as follows:

" 'In the name of God, Amen.

" 'Knowing full well the shortness of life and the certainty of death, I, therefore, make the following disposition of what few worldly goods I have:   I, D. A. Miller, this day, being of sound mind, and in excellent good health, and after I have been put away in a decent manner, funeral expenses and all debts paid, if any, do bequeath to my beloved wife, Caroline Wood Miller all my personalty and realty consisting of money, notes, bonds, houses and lots in and out of the city of Statesville, one-half interest in tobacco business, all machinery and personal property whatsoever it be, to have and to hold and to use as she may see proper the balance of her life, and should there be any left at her death, I would prefer it to go to a charitable institution, say Invalid's fund, or otherwise some institution my wife would designate or prefer.

" 'With my hand and seal, this 27 December, 1898.

'D. A. MILLER.   [SEAL.]

" '27 December, 1898.

" 'Witness:

" 'P. S.—Furthermore, what life insurance I have is for the express use of my wife to have and to hold for her benefit.

'D. A. MILLER.'

"2. That said will was a holograph will written by the testator himself, and was proved as such, there being no witness.   That said D. A. Miller was not a man accustomed to drawing such instruments, or familiar with legal technicalities.   That said will was executed 15 years before testator's death and 12 years prior to his illness.   That plaintiff was duly appointed administratrix with will annexed, and has made settlement of all debts except certain amounts due her for money advanced personally to pay the debts.

"3. That Mrs. Caroline Wood Miller is the same person referred to in the will.   That at the time of the testator's death in November, 1913,

she and he lived together at Statesville, North Carolina, and that the said D. A. Miller had no lineal heirs, his father and mother were dead, and he had no children, no brothers nor sisters, no child of a deceased brother or sister, but his nearest relative was a first cousin who resided outside of Iredell County. That testator was paralyzed about three years prior to his death, and for three years next preceding his death was an invalid, confined to his home and required constant care and attention both day and night. That during this period Caroline Wood Miller, his wife, not only nursed him and looked after his physical welfare, but necessarily was entrusted with the management of his business affairs, and during said period she advanced her own individual money to meet expenses, and borrowed money in her own name to carry testator's debts. That as a result of her constant watchfulness and care of her sick husband, Mrs. Miller suffered a near physical breakdown after his death. That plaintiff has for a number of years found it necessary to work in order to supplement the income from the property left by her husband to such an extent that she may have a comfortable support, and is now engaged in educational work."

Upon these facts, the case, in our opinion, comes clearly within the decision of this Court in *Herring v. Williams,* 158 N. C., 1, to the effect that under the will of her husband, plaintiff takes only a life estate in the property, and is not, therefore, in a position to convey a valid title to defendant. In the case referred to the proper rule of interpretation is stated as follows: "Giving effect to the intent of the testator from the language employed by him in the will: *Held,* a devise and bequest to A. of real and personal property 'to have and to hold during her natural life,' and at her death 'the said property, or so much thereof as may be in her possession at the time of her death, is to go to B., her heirs and assigns forever,' gave A. only a life estate in the lands, with remainder to B. in fee."

On the facts presented, we regard the case as decisive, and in deference thereto the judgment must be reversed.

Reversed.