CAROLINE WOOD MILLER v. G. P. SCOTT.

(Filed 7 March, 1923.)

1. **Appeal and Error—Agreed Case—Supreme Court—Petition—Additional Agreement.**

   Where the Supreme Court has decided an appeal upon a case agreed submitted to the Superior Court, it may reconsider the case upon a petition setting forth material additional facts agreed to by the parties. *Roebuck v. Trustees,* 184 N. C., 611, cited and applied.

2. **Same—Wills—Deeds and Conveyances—Fee-Simple Title.**

   Where the will of the husband upon a case agreed has been construed on appeal as giving the wife a life estate only, without power to convey the fee according to her contract of sale; but it is made further to appear upon petition to the Supreme Court, under an additional agreement of the parties, that the will empowered the wife, as executrix, to pay his funeral expenses and his other debts, and she had contracted to sell the *locus in quo* for that purpose: *Held,* under the further agreed statement, the wife may convey the fee-simple title to the proposed purchaser thereof, and the former decision is set aside.

THIS is a petition to amend the case agreed by inserting facts which had been omitted therefrom by inadvertence, and to rehear the case upon the amended statement, as made by consent of both parties.

*John A. Scott, Jr., for plaintiff.*
*Dorman Thompson for defendant.*

MILLER *v.* SCOTT.

CLARK, C. J. This case was heard at last term, *Miller v. Scott,* 184 N. C., 556, upon an "agreed state of facts" wherein the will was construed and the facts are set out. This petition to rehear is not based upon averment of error in the opinion of the Court rendered upon the agreed statement of facts then appearing in the transcript of the record, but upon the allegation that material averments were inadvertently omitted in the agreed statement of facts. The petition to amend the original case as sent up by the addition of other facts is agreed to by both' parties, and they ask judgment upon the facts, as they more fully appear, in the amended agreement.

A precedent for entertaining this petition appears in *Roebuck v. Trustees,* 184 N. C., 611, in which the Court held that when on an appeal "a material fact was omitted from the case agreed, the parties will be given an opportunity to supply the omission by amending their agreed statement of facts and filing the same in this Court, or the cause will be remanded to the end that such additional facts may be found."

In this case the parties have agreed that there were material allegations omitted from the agreed statement of facts at the former hearing, and what these were.

By the will in this case, the testator gave all his property, personalty and realty, to his wife, "whatsoever it be, to have and to hold, and to use as she may see proper the balance of her life," and with power of appointment as to any residue left at her death. It appeared from the state of facts before us that the widow had sold a certain piece of property and the purchaser had doubts as to her right to make title to the same.

Upon the facts then appearing, the Court held that the case came under the decision in *Herring v. Williams,* 158 N. C., 1, which was to the effect that under the will of her husband, the plaintiff took only a life estate in the property, and could not convert it into a fee simple by the process of selling or conveying the same at her will.

The omitted facts now supplied by the amendment made by consent of both parties are that the will empowered the wife as executrix to pay his funeral expenses and all debts, and that the property in question was contracted to be sold by her for the purpose of paying funeral expenses and other indebtedness of the testator, and to reimburse her for the debts of the estate which she had advanced the money to discharge.

Upon this amended agreement as to the facts, it is very clear that the plaintiff, as executrix, was empowered to sell and convey the property in question, and the petition is allowed. The decision upon our former opinion is set aside, and the judgment is affirmed.

Petition allowed.