D. L. HILTON AND L. W. BOSTIAN, PARTNERS, TRADING AND DOING BUSINESS AS CHARLOTTE BREAD COMPANY, v. B. E. HARRIS, TREASURER OF THE CITY OF CONCORD, NORTH CAROLINA.

(Filed 12 December, 1934.)

1. **Municipal Corporations K b—City held authorized to levy tax on trades, professions and franchises within the city.**

The charter of a city giving it certain powers in respect to the levying of franchise taxes on trades and professions, etc., and C. S., 2677, will be construed together in determining the legislative grant of power to the municipality to levy taxes of this class, and construing the charter of the city of Concord *in pari materia* with C. S., 2677, *it is held* the city is given authority by the Legislature to levy a tax upon bakeries operating or delivering in the city, the Legislature being given the power to levy such taxes by Art. V, sec. 3, of the Constitution, and having the power to delegate this authority to counties, cities, and towns as administrative agencies of the State.

**2. Same—City held authorized to tax bakery located outside of city but which delivers and collects for .products within the city.**

The charter of the city in question authorized it to levy a tax on "every person who shall manufacture and sell any bread" in the city, and gave the city "all powers incident and usual to corporations of like character under the general laws of the State." C. S., 2677, gives municipalities power to tax trades, professions, etc., "carried on or enjoyed within the city": *Held*, construing the charter *in pari materia* with the statute, the city is given power to tax a firm whose bakery is outside the city, but which delivers bread and bakery products inside the city to customers procured by its salesman, and collects for its goods upon delivery, such trade being "carried on or enjoyed within the city."

**3. Taxation A d—Municipal tax on bakeries operating or delivering bakery products within the city held not discriminatory.**

The municipal ordinance in question levied a tax on bakeries operating or delivering bread and bakery products within the city. Plaintiff firm operated a bakery outside the city, but delivered bakery products inside the city to customers obtained by its salesman, and collected for its products upon delivery. Plaintiff contended that as to it the tax was discriminatory, and that while the city might have the power to tax the trade it did not have the power to tax an incident to such trade: *Held*, plaintiff's contentions cannot be sustained, the tax being equal upon all who operate or deliver bread and bakery products within the city, and tending to protect bakeries operating within the city and thus prevent monopolies, Art. I, sec. 31, and taxing without discrimination both residents and nonresidents carrying on the trade within the city.

**4. Same—Classification of bakeries delivering bread · and other bakery products and those delivering only pies or cakes or doughnuts held not discriminatory.**

The municipal ordinance in this case levied a tax of $100.00 on bakeries operating or delivering bread and other bakery products within the city, and levied a tax of $50.00 on bakeries operating and delivering only cakes or pies or doughnuts within the city: *Held*, the classification was not unjust, arbitrary, or discriminatory, but operated equally upon all coming within the specified classifications, whether operating within the city or bringing themselves within the city for the purpose of carrying on the trades made the subjects of such classification.

APPEAL by plaintiffs from *Harding, J.* at June Term, 1934, of CABARRUS. Affirmed.

"The parties hereto expressly waive trial by jury and agree upon the following facts, and further agree that the judge presiding at the trial of this cause may try the same, without a jury, upon said agreed statement of facts, and render judgment, subject to the rights of the parties, or either of them, to appeal to the Supreme Court, or otherwise seek a review of such decision; the facts agreed upon being as follows:

"(1) The plaintiffs above named are persons residing in Mecklenburg County, North Carolina, and trading and doing business as Charlotte Bread Company; that said plaintiffs have their only bakery and place

of business in the city of Charlotte, Mecklenburg County, North Carolina, and maintain no bakery or place of business in the city of Concord; that all of said facts were true at all the times involved in this action, and that at said times the activities of the plaintiffs in the city of Concord were as follows, to wit: The plaintiffs, through a salesman, operate a truck from their plant in Charlotte to the city of Concord daily, carrying bread and other bakery products, and delivering the same to grocery stores and cafes in said city. The salesman collects for the bakery products at the time of delivery. From time to time customers of the plaintiffs discontinue buying bakery products from the plaintiffs, and also from time to time the salesman of the plaintiffs, by solicitation in the city of Concord, obtains new accounts, which are served in the same manner.

"(2) That the city of Concord is, and was at the times involved in this action, a municipal corporation, organized and existing under a charter contained in chapter 344 of the Private Laws of 1907, which chapter of the Private Laws is hereby referred to, and it is agreed that the court and parties may refer to the printed volume of the Private Laws of North Carolina for the terms and provisions of said statute, and that copy of said statute shall be included in the case on appeal in the event this case is appealed to the Supreme Court. Chapter 85, Private Laws 1903, and chapter 104, Private Laws 1925, pleaded by the defendant, are likewise hereby referred to, and the same agreement is made as to said statutes as is made with reference to chapter 344 of Private Laws of 1907; it being agreed, subject to all objections to the application of said statutes, on the issues involved in this cause, and subject to all objections as to the constitutionality of any of said statutes, as applied to the facts in this case, if they are held to be applicable, that said laws were duly and regularly enacted at the session of the Legislature referred to by the said laws, respectively.

"(3) That the city of Concord, by and through its board of aldermen, passed an ordinance on 7 April, 1932, levying privilege taxes from 1 May, 1932, to and including 30 April, 1933, and amended said ordinance by ordinance adopted 2 June, 1932; that the city of Concord, by and through its board of aldermen, passed another ordinance on 6 April, 1933, levying privilege taxes for the period from 1 May, 1933, to and including 30 April, 1934; that the original of each of the ordinances referred to in this paragraph will be produced in court by the defendant, and may be referred to by the parties and the court, and copies of said ordinances, or so much as may be agreed to be material, shall be included in the case on appeal in any appeal taken in this case.

"(4) In making this agreement, the plaintiffs do not admit the application of said ordinances to them, nor do they admit the validity of

the ordinances if held applicable, but do admit that said ordinances were duly adopted as a form.

"(5) That pursuant to the ordinance of 7 April, 1932, referred to in the preceding paragraph hereof, the city of Concord demanded of the plaintiffs, for the year beginning 1 May, 1932, a tax in the amount of $100.00, and issued a warrant against the plaintiffs on account of their failure to pay said tax; that on 18 April, 1933, the plaintiffs paid to the city of Concord the said tax of $100.00 for the year from 1 May, 1932, to 1 May, 1933, together with penalty demanded by said city for late payment thereof, in the amount of $55.00, making a total payment of $155.00; said payment was made under protest, and the tax collector of the city of Concord was expressly notified, in writing, that said payment was made under protest; that thereafter, on 18 April, 1933, plaintiffs duly demanded of the defendant treasurer of the city of Concord, in writing, that he return to the plaintiffs the sum of $155.00, paid under protest as aforesaid, and said defendant was expressly notified in said written demand that said tax had been paid under protest, and that said demand was made in order that proper action might be instituted to recover said amount in the event it was not returned.

"(6) That for the year beginning 1 May, 1933, the city of Concord, pursuant to the ordinance adopted 6 April, 1933, and hereinbefore referred to, made a demand on the plaintiffs for payment of tax of $100.00, and that thereafter, on 31 May, 1933, the plaintiffs paid said sum of $100.00 under protest, and thereafter, on the same date, demanded the return of said tax, both said payment under protest and demand for refund being made in the same manner as set out in the preceding paragraph hereof.

"(7) That the defendant has refunded neither the $155.00 paid under protest on 18 April, 1933, nor the $100.00 paid under protest on 31 May, 1933, and after the expiration of more than 90 days from the demand for the refund of each of said payments, as hereinbefore set out, this suit was instituted for the recovery of said sum of $155.00, with interest thereon from 18 April, 1933, and the sum of $100.00, with interest thereon from 31 May, 1933.

"(8) That for the years hereinbefore referred to the plaintiffs were required to and did pay to the city of Charlotte a license tax in the amount of $100.00 per annum, for the privilege of engaging in the business of operating their bakery in said city, said city of Charlotte being a municipal corporation, organized and existing under a charter, contained in chapter 342 of the Private Laws of 1907, which is hereby referred to. This 14 June, 1934. John M. Robinson, Hunter M. Jones, Attorneys for Plaintiffs. Hartsell & Hartsell, Z. A. Morris, Jr., Attorneys for Defendant."

The judgment in the court below is as follows: "This cause coming on to be heard before the undersigned judge presiding at the June Term, 1934, Cabarrus Superior Court, upon the pleadings and the agreed statement of facts appearing in the record, the parties having expressly waived trial by jury by written stipulation, and being heard; and it having been agreed upon said hearing that the plaintiffs may be deemed to have amended their complaint so as to allege that the ordinance of 7 April, 1932, and the ordinance of 2 June, 1932, referred to in paragraph 3 of the agreed statement of facts, are discriminatory in that they impose a smaller tax upon bakers delivering only cakes, or pies, or doughnuts, than is imposed on the plaintiffs; and the court being of the opinion upon said hearing that the city of Concord had the power to levy the taxes complained of:

"It is therefore ordered and adjudged that the plaintiffs recover nothing of the defendant, and that the plaintiffs be taxed with the costs of this action. Wm. F. Harding, Judge Presiding, 15th Judicial District."

To the foregoing judgment, as signed, the plaintiffs excepted, assigned error, and appealed to the Supreme Court.

*John M. Robinson and Hunter M. Jones for plaintiffs.*
*Zeb A. Morris, Jr., and Hartsell & Hartsell for defendant.*

CLARKSON, J. This is an action brought by plaintiffs against defendant to recover an alleged illegal or invalid tax paid under protest. The plaintiffs complied with the requirement of the statute, C. S., 7979. *R. R. v. Commissioners,* 188 N. C., 265 (266); *Loose-Wiles Biscuit Co. v. Sanford,* 200 N. C., 467 (469).

The questions involved are: (1) Has the city of Concord authority to levy a privilege tax on "Bakeries, operating or delivering in the city?" We think so.

(2) If so, can the tax be collected from a bakery located outside the limits of said city which delivers its products, collects money for same, and solicits new business within said city? We think so.

The material parts of the ordinance in controversy are as follows: "Levying, assessing, imposing, and defining the license and privilege taxes of the city of Concord, for the year beginning 1 May, 1932, and ending 30 April, 1933. The board of aldermen of the city of Concord, North Carolina, do ordain: Section 1. That to raise funds for general municipal purposes, the following license taxes hereinafter specified are hereby levied for the privilege of carrying on the business, trades, avocations, professions, employment, calling, or doing the act named, within the corporate limits of the city of Concord from 1 May, 1932, to 30

April, 1933, unless for some other time or period herein specified, and all such taxes shall be due and payable in advance at the office of the tax collector for the city of Concord: The payment of any particular tax herein imposed shall not relieve the party paying same from liability for any other tax specifically imposed for any other business conducted by such person. . . . Section 8. That whenever the word 'person' is used in this ordinance, the same shall be construed to include 'firms,' 'companies,' 'corporations,' and 'associations.'

"Section 9. Schedule of city privilege license taxes. Bakeries operating or delivering in the city, $100.00."

This ordinance was adopted 7 April, 1932. The above ordinance was amended 2 June, 1932: "An ordinance relating to the taxing of bakers. The board of aldermen of the city of Concord do ordain: That every person, firm, or corporation operating or delivering bread or other bakery products in the city of Concord shall pay a tax of one hundred dollars ($100.00). That every person, firm, or corporation delivering cakes only within the said city of Concord shall pay a tax of fifty dollars ($50.00). That every person, firm, or corporation delivering pies only within the city of Concord shall pay a tax of fifty dollars ($50.00). That every person, firm, or corporation delivering doughnuts only within the city of Concord shall pay a tax of fifty dollars ($50.00). That every person, firm, or corporation who or which shall violate any of the provisions of the above ordinance, or who or which shall conduct or carry on the above business without paying the above tax for same within the city of Concord, shall be guilty of a misdemeanor and shall be fined not exceeding fifty dollars or imprisoned not exceeding thirty days for each offense: *Provided,* that each day any of the provisions of this ordinance are violated shall constitute a separate and distinct offense. That this ordinance shall take effect and be in force from and after its publication. Ordained by the board of aldermen of the city of Concord, this 2 June, 1932."

It was agreed by the parties that the ordinance adopted 6 April, 1933, is identical with the ordinance adopted 7 April, 1932, except that it applies to the year from 1 May, 1933, to 30 April, 1934, and that said ordinance adopted 6 April, 1933, may be omitted entirely from the case on appeal. The ordinance adopted 2 June, 1932, above set forth, shall be included in full. We think the ordinances of 7 April, 1932, and 2 June, 1932, in reference to bakeries, are practically the same.

The following is in the agreed statement of facts: "The plaintiffs above named are persons residing in Mecklenburg County, North Carolina, and trading and doing business as Charlotte Bread Company; that said plaintiffs have their only bakery and place of business in the city of Charlotte, Mecklenburg County, North Carolina, and maintain no

bakery or place of business in the city of Concord; that all of said facts were true at all the times involved in this action, and that at said times the activities of the plaintiffs in the city of Concord were as follows, to wit: The plaintiffs, through a salesman, operate a truck from their plant in Charlotte to the city of Concord daily, carrying bread and other bakery products, and delivering the same to grocery stores and cafes in said city. The salesman collects for the bakery products at the time of delivery. From time to time customers of the plaintiffs discontinue buying bakery products from the plaintiffs, and also from time to time the salesman of the plaintiffs, by solicitation in the city of Concord, obtains new accounts, which are served in the same manner."

In the charter of 1903 and in the revised charter of 1907 the power to tax the business of a baker is granted in the following language: "That the said city of Concord . . . shall have the right to levy and collect the following amounts for the privilege of doing the acts or carrying on the trades or business or exercising the privileges as follows: . . . On every baker, an annual tax not to exceed $15.00 per annum. Every person who shall manufacture and sell any bread, pies, cakes, or the like, shall be deemed a baker."

Private Laws of 1925, ch. 104, sec. 2: "That chapter three hundred and forty-four of the Private Laws of one thousand nine hundred and seven be further amended by adding after section eighty-nine a new section, to be known as 'Section eighty-nine a,' to read as follows:

" 'Section 89a. In addition to the powers and privileges hereinbefore conferred, the city of Concord shall have all the powers incident and usual to corporations of like character under the general laws of the State; and the amounts of tax named above which the city is authorized to levy and collect shall only be a guide and shall not be binding as to the amount of tax the city may levy on each trade, profession, business, or franchise, but the amount of tax which the city may levy and collect on each trade, profession, business, or franchise shall be in the discretion of the board of aldermen.' "

Section 89a gives the city of Concord broad powers to tax trades, professions, business, or franchise, and "the amount of tax which the city may levy and collect on each trade, profession, business, or franchise shall be in the discretion of the board of aldermen." The prior provisions limited the power as follows: "On every baker, an annual tax not to exceed $15.00 per annum." The further power is given: "All the powers incident and usual to corporations of like character under the general laws of the State."

N. C. Code (1931), Michie, sec. 2677, is as follows: "The board of commissioners may annually levy and cause to be collected for municipal purposes a tax not exceeding fifty cents on the hundred dollars, and one

dollar and fifty cents on each poll, on all persons and property within the corporation, which may be liable to taxation for State and county purposes; and may annually lay a tax on all trades, professions, and franchises carried on or enjoyed within the city, unless otherwise provided by law; and may lay a tax on all such shows and exhibitions for reward as are taxed by the General Assembly; and on all dogs, and on swine, horses, and cattle, running at large within the town."

The power to tax a trade is given to the General Assembly in Article V, section 3, of the Constitution of North Carolina. The plaintiffs contend that there is no legislative authority for the tax. We cannot so hold. The charter of Concord and C. S., 2677, are *in pari materia.* They relate to the same matter and are to be construed together. *Corp. v. Motor Co.,* 190 N. C., 157 (160).

The plaintiffs further contend that in the charter of 1903 and the revised charter of 1907, that the authority given to tax bakers is in this language: "Every person who shall manufacture and sell any bread," etc., and if C. S., 2677, applies, it says: "And may annually lay a tax on all trades, professions carried on or enjoyed within the city." We think that under a reasonable construction, the language broad enough to cover the trade plaintiffs are carrying on in the city of Concord, and not restricted to those who manufacture and sell it in the city. C. S., 2677, *supra,* gives additional power.

In *Drug Co. v. Lenoir,* 160 N. C., 571 (572), a part of the agreed statement of fact is as follows: "The town of Lenoir insists that it is allowed to collect taxes on all privileges and subjects within the corporate limits, and on all itinerant or resident persons plying any trade, profession, or calling which is liable for taxation for State and county purposes, unless prohibited by the general law of the State. That the collection of the tax aforesaid is not prohibited by the general law of the State, and that the imposition and collection of the tax aforesaid is permitted and permissible under the general law of the State, and the town is not restricted to the collection of license and privilege taxes which are specifically named in the Revenue Act."

The opinion says, at page 573: "It is true, as contended by the plaintiff, that the defendant derives its power to tax from legislative authority, and if it has not been conferred, it does not exist. *S. v. Bean,* 91 N. C., 554; *Winston v. Taylor,* 99 N. C., 211.

"We must look, then, to the charter of the defendant (chapter 37, Private Laws 1909), and we find there that certain powers as to taxation are specifically enumerated in section 8, and it is further provided, in section 1, that the defendant, 'in addition to the powers and privileges hereafter specially conferred, shall have all the power incident and usual to corporations of like character under the general laws of the State.'

"Chapter 73 of the Revisal is devoted to 'Cities and Towns,' and section 2924 (now C. S., 2677, *supra*), confers the power on them to 'annually levy a tax on all trades, professions, and franchises carried on or enjoyed within the city, unless otherwise provided by law,' and the word 'trade,' as used in acts to raise revenue, is defined to be 'any employment or business embarked in for gain or profit.' *S. v. Worth,* 116 N. C., 1010."

We think plaintiffs' trade is "carried on or enjoyed within the city" of Concord. To be sure its headquarters are in Charlotte, but the activities of plaintiffs are in Concord, as follows: "The plaintiffs, through a salesman, operate a truck from their plant in Charlotte to the city of Concord daily, carrying bread and other bakery products, and delivering the same to grocery stores and cafes in said city. The salesman collects for the bakery products at the time of delivery. From time to time customers of the plaintiffs discontinue buying bakery products from the plaintiffs, and also from time to time the salesman of the plaintiffs, by solicitation in the city of Concord, obtains new accounts, which are served in the same manner." Where the bread is baked is immaterial, but where it is sold and where the money is collected is where the business is done and the trade carried on.

The tax by the city of Concord is on "Bakeries operating or delivering in the city, $100.00." And further, "That every person, firm, or corporation operating or delivering bread or other bakery products in the city of Concord shall pay a tax of one hundred dollars ($100.00)."

If the plaintiffs were not required to pay this tax for the trade or business it carries on in Concord, a situation would arise that those living in Concord and carrying on this kind of trade or business, who paid the tax—it would injure their business, as they would have to pay a tax of $100.00 and the plaintiffs would not; consequently, the plaintiffs would undersell the Concord bakers. Such favoritism would tend to monopolize and, in time, destroy competition, which is sometimes called "the life of trade."

In this case it would tend to create a monopoly on bread, the staff of life. It is a well-recognized principle of law that a tax must be uniform. "A tax is uniform when it is equal upon all persons belonging to the described class upon which it is imposed." *Lacy v. Packing Co.,* 134 N. C., 567 (572); affirmed, 200 U. S., 226; 50 L. Ed., 451.

The plaintiffs contend that the tax discriminates against them, and that a municipality authorized to tax a trade or business cannot tax a mere incident to that business. These contentions cannot be sustained. The factual situation is that clearly plaintiffs are plying their trade and doing business by delivering and soliciting the sale of bread in the city of Concord. "Perpetuities and monopolies are contrary to the

genius of a free state, and ought not to be allowed." Article I, section 31, Constitution of North Carolina, 1776 Declaration of Rights, sec. 23.

In *S. v. Denson,* 189 N. C., 173 (175), citing a wealth of authorities, the following principle is stated: "Municipal Ordinances, sec. 193, *et seq.* 'The specific regulations for one kind of business, which may be necessary for the protection of the public, can never be the just ground of complaint, because like restrictions are not imposed upon other businesses of a different kind. The discriminations which are open to objection are those where persons engaged in the same business are subjected to different restrictions, or are held entitled to different privileges under the same conditions. It is only then that the discrimination can be said to impair that equal right which all can claim in the enforcement of the laws.'—*Mr. Justice Field,* in *Soon Hing v. Crowley,* 113 U. S., 703; 28 Law Ed., 1145." *Hart v. Commissioners,* 192 N. C., 161 (164-5); *S. v. Kirkpatrick,* 179 N. C., 747.

This whole matter has been recently discussed in *Tea Co. v. Maxwell, Comr. of Revenue,* 199 N. C., 433 (440): "When a classification has been made by the General Assembly, for the purpose of imposing license taxes on trades, professions, franchises, or incomes, solely for the purpose of raising revenue, this Court will not hold the classification invalid, unless it shall appear, clearly and unmistakably, that the classification is unreasonable and arbitrary, resulting in an unjust discrimination. Unless it shall so appear, the classification will be upheld and the tax imposed adjudged valid, notwithstanding the contention that its imposition violated the rule of uniformity." On an appeal to the Supreme Court of the United States this judgment was affirmed. *Great Atlantic and Pacific Tea Co. et al. v. Maxwell, Comr. of Revenue,* 284 U. S., 575; *Rosenbaum v. City of New Bern,* 118 N. C., 83; *Clark v. Maxwell,* 197 N. C., 604; *Provision Co. v. Maxwell,* 199 N. C., 661.

It is further contended by plaintiffs that they are taxed twice as much as a person delivering cakes or pies or doughnuts only, though the volume of business of such person may be greater than that of the plaintiffs. There is no discrimination in these particular classes—the subject of these taxes. There is no discrimination in the ordinance between resident and nonresident persons or corporations delivering bread or other bakery products in the city of Concord. "All who bring themselves within the limits of the corporation are, while there, citizens so as to be governed by its laws." *Whitfield v. Longest,* 28 N. C., 268 (272). "It is settled that by coming within the town and acting there, a person becomes liable as an inhabitant and member of the corporation." *Comrs. v. Roby,* 30 N. C., 250 (253-4).

From a careful review of this case we can see no error in the judgment of the court below. It is therefore

Affirmed.