ALEX WEINSTEIN AND BEN WEINSTEIN, TRADING AS WEINSTEIN HIDE
& METAL COMPANY, v. THE CITY OF RALEIGH.

(Filed 27 November, 1940.)

**Appeal and Error § 48—Where facts agreed are conflicting, cause will be remanded.**

Where, in an action against a municipality upon an agreed statement of facts to recover a license tax paid under protest, the facts agreed are ambiguous and conflicting so that it is not clear whether the right to levy the tax was asserted upon the ground that plaintiff was carrying on the business specified within the city, or whether the city contended it had the right to collect the tax on the business located and carried on outside the city limits but within two miles thereof, the case will be remanded so that the statement of facts may be amended to remove the ambiguity or so that, if the parties fail to reach an agreement, the controverted facts may be submitted to a jury.

BARNHILL, J., dissents.

CLARKSON and DEVIN, JJ., concur in dissent.

APPEAL by plaintiffs from *Williams, J.,* at June Term, 1940, of WAKE. Error and remanded.

*Jones & Brassfield and Armistead Jones Maupin for plaintiffs, appellants.*

*Alfonso Lloyd for defendant, appellee.*

SCHENCK, J. This is an action to recover $62.50 paid as a license tax upon a junk dealer, and penalties, which payment was made under protest by the plaintiffs to the defendant, heard upon an agreed statement of facts.

An ordinance of the city of Raleigh reads: "Every person engaged in the buying and/or selling of material commonly known as junk, within the city or within a two-mile radius thereof, shall be deemed a 'junk dealer' within the meaning of section 168 of the State Revenue Act, and shall pay an annual license of $62.50."

Section 168 of the State Revenue Act (sec. 168, ch. 158, Public Laws 1939) reads: "Every person, firm or corporation engaged in the business of buying and/or selling or dealing in what is commonly known as junk, . . . shall . . . obtain . . . a State license, . . . and shall pay for such license an annual tax, according to the following schedule: . . . In cities or towns of 30,000 population or more $125.00. Provided, that if any person, firm or corporation shall engage in the business enumerated in this section within a radius of two miles of the corporate limits of any city or town in this State, he or it shall

pay a tax based on the population of such city or town according to the schedule above set out. Counties, cities and towns may levy a license tax not in excess of one-half of that levied by the State."

The agreed statement of facts contains, *inter alia,* the following:

"2. The plaintiff buys and sells junk in the city of Raleigh, N. C., which city has a population of over 30,000 inhabitants."

"5. The city of Raleigh, under its general police power, maintains and contends that it has a right to levy and collect under its general police power a license or franchise tax upon junk dealers located outside of the corporate limits of its city of Raleigh and within two miles of the corporate limits thereof."

"7. The plaintiff paid the tax under protest to the city tax collector and brings this suit to recover the amount of taxes and penalties paid, contending that the city of Raleigh cannot levy or collect a license or privilege tax upon the business of a junk dealer located outside of and beyond the territorial limits of the city of Raleigh."

The defendant city in its brief states: "It is contended by the defendant in this case that the privilege of buying and selling junk inside the city limits of Raleigh (or other counties, towns, or cities) is the privilege upon which this tax is levied; . . ."

The agreed facts are ambiguous and contradictory. If the facts are as agreed and indicated in 2, to the effect that the plaintiffs buy and sell junk in the city of Raleigh, and it is for this that the license was collected, it might appear that the tax was legally levied under the provisions of the statute and ordinance, as contended in defendant's brief; on the other hand, if the facts are as agreed and indicated in 5 and 7, to the effect that the city of Raleigh "contends" it has a right to collect a license tax upon junk dealers located outside of its corporate limits and within two miles thereof, and the case was tried upon this theory, it might appear that such a license tax was illegal. It does not appear whether the license tax levied and paid under protest was for the privilege of buying and/or selling junk within the corporate limits of the city of Raleigh, or for the privilege of conducting a business of a junk dealer without the city limits but within two miles thereof. The confusion is further indicated in the statement of the question involved in the briefs of the respective parties. ·The plaintiffs state the question to be "Is the plaintiffs' junk business owned, located and operated outside the city of Raleigh exempt from a license tax levied by the city?"; whereas the defendant states the question to be "Is not plaintiffs' junk business liable to the city of Raleigh for a license tax levied by the city . . . when said establishment is located just outside of the city of Raleigh, but the business is carried on in the city of Raleigh?"

Owing to this confusion the parties will be given an opportunity to amend the agreed statement of facts and remove the ambiguity and contradiction therein and submit the amended statement to the judge of the Superior Court for decision; or if they fail to reach an agreement as to the facts the uncontroverted issues may be submitted to a jury. A precedent for this procedure is found in *Roebuck v. Trustees,* 184 N. C., 611, and *Miller v. Scott,* 185 N. C., 93.

Error and remanded.

BARNHILL, J., dissenting: Sec. 168, ch. 158, Public Laws 1939, authorizes cities and towns of 30,000 population or more to levy a license or privilege tax of $62.50 for the privilege of engaging in the business of buying and/or selling or dealing in what is commonly known as junk within the city. The city of Raleigh, being a city of more than 30,000 population, duly enacted an ordinance levying this tax and collected the same from the plaintiff.

This action was instituted by the plaintiff to recover the taxes thus paid upon the allegation that it was wrongfully collected. The burden rested upon him to show that the collection of the license tax was unauthorized. In attempting to carry this burden he does not challenge the validity either of the statute, ch. 158, Public Laws 1939, or of the ordinance. Nor does he attempt to show that the license tax was levied and collected for the privilege of engaging in business outside the city limits. Therefore, the case involves but one determinative issue of fact: Is the plaintiff buying and selling junk in the city of Raleigh? As to this the plaintiff makes a solemn admission in open court that he "Buys and sells junk in the city of Raleigh, N. C., which city has a population of 30,000 inhabitants." This admission settles the only material issue of fact, demonstrates the validity of the tax and defeats plaintiff's right of recovery; *Hilton v. Harris,* 207 N. C., 465, 177 S. E., 411; *S. v. Bridgers,* 211 N. C., 235, 189 S. E., 869.

Paragraphs 5 and 7 in the paper writing appearing in the record designated "agreed statement of facts" do not contain stipulations of fact. Paragraph 5 constitutes a statement of the contention of the defendant in respect to its right to tax and paragraph 7 constitutes a statement of the contention of the plaintiff. As the city has levied and collected a tax against the plaintiff for engaging in the business of buying and selling junk inside the city limits, and the plaintiff admits that he has been thus engaged, the respective contentions, as to the right of the city to levy and collect a license or privilege tax upon the plaintiff's junk business located outside of and beyond the territorial limits of the city of Raleigh, are immaterial.

They were so considered by the court below, as is made to appear by the judgment entered. The following appears therein: "And the court being of the opinion that the tax levied by the city of Raleigh upon the plaintiff for the privilege of 'buying and/or selling junk' inside said city limits, irrespective of where his place of business may be, is a valid exercise of legislative authority delegated to said city," etc.

Thus it appears that the case was tried in the court below upon the theory that the tax was levied against the plaintiff for the privilege of buying and selling junk in the city of Raleigh. The burden being on the plaintiff, he made no effort to show the contrary.

Such ambiguity as exists is in relation to contentions made as set forth in the agreed statement of facts, and the contradictory positions assumed appear in the statements in the briefs as to the true question presented. This Court is not interested in ambiguous or contradictory contentions which are irrelevant to the facts stipulated and the question of law involved. And the defendant should not be defeated in its right merely because it assumed in the court below an untenable position and made a contention as to its right, in any event, to collect the license tax under circumstances other than those here presented.

The case comes to this: The plaintiff's admission that he is buying and selling junk in the city of Raleigh is an acknowledgment of liability for the license tax and defeats his right of recovery. But the case is remanded for the reason that the parties in the court below by their contentions, raised an immaterial issue as to the right of the city to tax the plaintiff on the theory that his place of business was located outside the corporate limits of the defendant but within two miles thereof and for the reason that in their briefs they are not in accord as to the question presented. The remand is to the end that the parties may make proper contentions and agree upon the question of law to be decided. In this I cannot concur.

The *Roebuck* and *Miller* cases cited in the majority opinion are not in point. In the *Roebuck* case a fact material to the decision of the case did not appear in the record. Here the very fact which authorized the levy of the tax is admitted. In the *Miller* case a supplemental agreement enlarging and extending the facts agreed in the original case was submitted to and considered by the court on rehearing.

As plaintiff has failed to show any right to recover the tax paid and admits facts which sustain the levy and collection thereof, the judgment below should be affirmed.

CLARKSON and DEVIN, JJ., concur in dissent.