TRUSTEES OF GUILFORD COLLEGE v. GUILFORD COUNTY ET AL.

(Filed 26 March, 1941.)

**1. Taxation § 20—**

Residential property owned by an educational institution, not used in connection with the college, but rented to individuals and the rent therefrom used for educational purposes, is subject to assessment and levy of taxes.

GUILFORD COLLEGE *v.* GUILFORD COUNTY.

**2. Appeal and Error § 48—**

When, in an action to determine whether certain real properties of an educational institution are subject to assessment and levy of *ad valorem* taxes, the facts agreed in regard to one of the parcels of land are insufficient to determine with definiteness the taxable status of the property, the cause will be remanded for further proceedings as to justice appertains and the rights of the parties may require.

SEAWELL, J., dissents.

APPEAL by defendants from *Nettles, J.,* at October Term, 1940, of GUILFORD.

Controversy without action submitted on facts agreed, which, in summary, follow:

I. The corporate name of the plaintiff is Trustees of Guilford College. It is an educational institution of the Society of Friends with its campus and school buildings located in Guilford County, this State.

II. During the year 1940, the plaintiff was the owner of two lots in Guilford County with houses thereon, which were not used in connection with the college and which were held on lease or rented out—the rentals derived therefrom being used by the plaintiff exclusively for educational purposes:

1. Lot No. 100 Magnolia Street, in the residential section of the city of Greensboro, which the plaintiff acquired by foreclosure of deed of trust securing an investment from its endowment funds. The house on this lot is rented for $50.00 a month.

2. Lot No. 918 West Lee Street, in the city of Greensboro, which the plaintiff acquired by will from Newton F. Farlow. The house on this lot rents for $20.00 a month and the rent is used in providing scholarships for students attending Guilford College in accordance with the will of the testator.

III. The plaintiff also owns a lot on Friendly Road (Dolly Madison Birthplace), located about 300 yards from the entrance of the college campus, with a small brick house erected thereon "in which a member of the faculty of the college resides, and the sum of $30.00 per month is considered in the fixing of his salary, and the said $30.00 then completely used as endowment income and applied in operating said college."

IV. The defendants, who are the local taxing authorities, caused all three of these properties to be placed on the tax list and assessment roll for the year 1940.

V. The taxes were paid by the plaintiff under protest, and this proceeding is to test their validity.

From judgment holding the taxes in question to be illegal and ordering their refund, the defendants appeal, assigning error.

*Frazier & Frazier for plaintiff, appellee.*

*D. Newton Farnell, Jr., B. L. Fentress, and H. C. Wilson for defendants, appellants.*

*G. H. Jones of counsel for defendants, appellants.*

STACY, C. J.   It follows from what is said in *Rockingham County v. Elon College, ante,* 342, that two of plaintiff's properties are subject to tax, *i.e.,* the two that are not used in connection with the college, but are held on lease or rented out for profit or gain.   These are designated as Lot No. 100 Magnolia Street and Lot No. 918 West Lee Street.

The facts are insufficient to determine with definiteness the taxable status of the house and lot on Friendly Road, the Dolly Madison Birthplace.   See Revenue Act of 1939, ch. 310, sec. 600 (4), Public Laws 1939; *Harrison v. Guilford County,* 218 N. C., 718.   Hence, in respect of this piece of property, the cause will be remanded for further proceedings as to justice appertains and the rights of the parties may require.   Such procedure finds support in the recent case of *Weinstein v. Raleigh,* 218 N. C., 549.

Error and remanded.

SEAWELL, J., dissents.