Merrimack,
Oct. 5, 1948. No. 3746.

WALTER C. ROWE, *Ex'r and Tr. v.* MILDRED E. ROWE *& a.*

*Gordon S. Lord,* by brief, for the plaintiff.

*Richard F. Upton* and *Robert W. Upton* (*Mr. Richard F. Upton* orally), for the defendants.

BLANDIN, J. The question before us is the meaning of the twelfth clause of the will. This, under our law depends upon the testator's intent, determined by a balance of probabilities as shown by the surrounding circumstances (*Marvin* v. *Pierce*, 84 N. H. 455, 457; *Osgood* v. *Vivada*, 94 N. H. 222; *Peaslee* v. *Rounds,* 77 N. H. 544, 545, and cases cited), including the provisions of the will as a whole. *Ruel* v. *Hardy*, 90 N. H. 240, 243. With this in mind, it is significant that the testator only gave ("I give") the "income and use" *from* the estate to his brother, but on his decease "the remainder thereof I give and devise to my nephews and nieces. . . . " As to the stocks, bonds and cash, the word "income," especially in view of the remainder over, plainly imports a life estate. In addition the property consisted of a half interest in a summer home on Lake Winnisquam together with furniture and other articles concerning which the testator would naturally employ the word "use" if he intended to give only a life estate. The word "from" is also indicative of his desire to distinguish the income and use of the property from the property itself. Added to this, the creation of the remainder above mentioned in the younger generation is a strong factor in determining that his intent toward his contemporary and brother was to vest in him only a life estate. Taken with all the other circumstances it is enough to defeat a construction in favor of giving the plaintiff a fee. See *Wilkins* v. *Miltimore, ante*, 17, 19; *Watters* v. *Bank*, 233 Ala. 227; Page on Wills, *s.* 980, *Lifetime ed.* The fact that the testator in the case before us did not use the words "for life" or "during his life" is not controlling, as his intention to create only a life estate in his brother clearly appears from other circumstances and is therefore decisive. *Osgood* v.*Vivada, supra;* Restatement, Property, *s.* 108, *p.* 343.

The present case on its facts is distinguishable from such authorities as *Ruel* v. *Hardy, supra,* where no remainder was created by the testator as to the property described in the disputed clause of the will, nor were there words descriptive of a life estate as contrasted with the immediately preceding paragraph which contained both a remainder provision and words indicating an intent to create a life estate. It is obvious where the question resolves itself into one of intent that each case must stand on its own feet and it appears that other authorities cited in the plaintiff's brief show the testator's intent that the life tenant should have the right to invade the principal as distinguished

from the present situation where similar indications are absent.

It is our conclusion that the plaintiff took only a life estate under the will of his brother and that for the reasons hereinbefore stated he has no right to invade the principal. See *Miller* v. *Scott*, 184 N. C. 556. The answer to the second question is therefore in the negative and this renders it unnecessary to consider the third question transferred.

*Judgment for the defendants.*

DUNCAN, J., concurred in the result: the others concurred.