SEMINARY *v.* WAKE COUNTY.

SOUTHEASTERN BAPTIST THEOLOGICAL SEMINARY, INC. v. WAKE COUNTY AND THE TOWN OF WAKE FOREST.

(Filed 21 May, 1958.)

**Appeal and Error § 49—**

Where, in the submission of a controversy to determine whether certain of plaintiff's properties are exempt from taxation (G.S. 105-296(4)), there is conflict between the agreed statement and an exhibit attached as to the nature and use of certain of the properties and the relationship of the occupant to plaintiff, and as to other properties, the facts agreed are insufficient to determine with definiteness the taxable status of such properties, the cause must be remanded for further proceedings.

DENNY, J., took no part in the consideration or decision of this case.

WINBORNE, C. J., concurs in result.

APPEALS by plaintiff and defendants from *Fountain,* Special Judge, December Special Civil Term, 1957, of WAKE.

Controversy without action submitted under G.S. 1-250 relating to the taxable status of properties, consisting of sixteen separate units, located in the Town of Wake Forest and identified only by street address.

Wake Forest College, plaintiff's predecessor in ownership, had listed these properties regularly for a number of years for taxation by Wake County and the Town of Wake Forest and had paid the ad valorem taxes assessed thereon. For 1957, over plaintiff's objection, these properties were listed by defendants; and plaintiff paid under protest the taxes assessed thereon.

Plaintiff seeks to recover the amounts of 1957 taxes paid by it to defendants, contending that G.S. 105-296(4), enacted under authority of Article V, Section 5, Constitution of North Carolina, exempts these properties from taxation.

The court below held that six off-campus residence buildings rented from plaintiff and occupied as residences by administrative officers or faculty members were exempt, but that the agreed facts were insufficient to show that the remaining ten properties were exempt.

Plaintiff and defendants excepted and appealed from judgment in accordance with said ruling.

*Mordecai, Mills & Parker for plaintiff, appellant.*

*Thomas A. Banks and Wright T. Dixon, Jr., for defendant Wake County, appellant.*

*J. C. Keeter for defendant Town of Wake Forest, appellant.*

PER CURIAM.  G.S. 1-250 requires that the parties "agree upon a case containing the facts on which the controversy depends." The present submission does not comply with this requirement.

The agreed statement of facts sets forth that "there are buildings on each unit, and the buildings thereon are presently used as residences exclusively by the officers, instructors, students and their families of said Seminary, have been so used since the acquisition of title; and the occupants pay reasonable rentals to the Seminary, the names, amount of rent and the relationship, if any, of the occupant of each property to the Seminary being as set forth in Exhibit 'A' hereto attached." Exhibit B, an attached map, shows the location of each unit except "312 Falls Rd."

An examination of Exhibit A shows: (1) "312 Falls Rd. House removed, New Trailer Park now occupies site. Eleven trailer coaches now using park. Rental $12.50 per month each. All residents are students"; (2) "309 West Ave. Unoccupied"; (3) "102 S. Wingate (and) 106 S. Wingate. Both buildings removed, Seminary Cafeteria now occupies these lots"; (4) "303 Pine St. Barrack. Removed November 1956. Vacant Lot"; and (5) "203 N. Wingate. House removed. Area now used as Seminary Parking Lot." It is noted that 102 S. Wingate and 106 S. Wingate, referred to in (3) above, are listed as separate units in the agreed statement.

If Exhibit A is correct, there are no buildings "presently used as residences exclusively by the officers, instructors, students and their families of said Seminary," on any of the six properties referred to in the preceding paragraph. The agreed statement and Exhibit A are in conflict.

As to each of the remaining ten properties, Exhibit A shows the street address thereof, the name of the "renter," the relationship of the "renter" to the institution, e.g., "Student," "Adm. Officer," "Faculty," and the amount of rent paid by each "renter" to plaintiff.

Neither the agreed statement nor Exhibit A provides any descriptive data as to any residence building or the number of occupants or their relationship to the "renter," or as to the relationship, if any, between the present use of these properties and plaintiff's educational program, or as to the availability for like use of other properties of plaintiff now recognized by defendants as tax-exempt, or as to any other facts which might bear upon the taxable status of these. allegedly exempt properties.

Obviously, the conflict between the agreed statement and Exhibit A makes it impossible to pass on the six properties involved in such conflict. Moreover, the agreed facts are insufficient to determine with definiteness the taxable status of the remaining ten properties; and,

since the cause must be remanded, we deem it appropriate to vacate the judgment of the court below in its entirety, without approving or disapproving any of the rulings on which the judgment was based.

If the parties so desire, they may submit an agreed statement setting forth with particularity in respect of each of the sixteen properties "the facts upon which the controversy depends" as required by G.S. 1-250.

The cause will be remanded for further proceedings. This is in accord with the procedure in *Guilford College v. Guilford County*, 219 N.C. 347, 13 S.E. 2d 622, where the facts were set forth in greater detail than in the present agreed statement.

Judgment vacated and cause remanded.

DENNY, J., took no part in the consideration or decision of this case.

WINBORNE, C.J., concurs in result.